[No. 1526-2.  Division Two.  July 9, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK R. COMPTON, *Appellant.*

*Ward J. Rathbone* and *Bean, Gentry & Rathbone,* for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Henry McCleary, Deputy,* for respondent.

RUMMEL, A.C.J.*—Trooper Owen of the Washington State Patrol stopped a vehicle driven by appellant Compton for two minor traffic violations. The trooper testified that he detected a strong odor of marijuana coming from the vehicle as the appellant was producing his driver's license. The appellant was asked to step from the vehicle and put his hands on top of it. The officer then "frisked" him for weapons, the search being a pat-down procedure which resulted in Trooper Owen's feeling a small round object in a right front pocket which he judged to be a film canister. When Compton put his hand down inside his shirt Trooper Owen grabbed it and the appellant came up with such a canister. Inside the canister were several small blue pills which were found to be LSD. A further search of the car revealed a pipe having a very strong odor of marijuana and a plastic bag containing a small amount of a greenish-brown vegetable substance.

Trooper Owen testified that he had received education at the Washington State Patrol Academy in the detection of controlled substances, including marijuana, both in the raw form and by being allowed to smell burning marijuana. He stated he had made numerous marijuana arrests and was familiar with its odor; also he was aware that illegal drugs are often carried in film canisters.

■ The question in this case is whether Trooper Owen's detection of the odor of marijuana gave him sufficient information to form a reasonable belief that the crime of unlawful possession of a controlled substance was being

*Judge Bartlett Rummel is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

committed in his presence. We hold that it did and that the warrantless search in this instance was a legal search.

Authority for an arrest by a police officer in such a situation is provided by RCW 10.31.100 which provides in part:

> Any police officer having information to support a reasonable belief that a person has committed or is committing a misdemeanor or gross misdemeanor, . . . involving the use or possession of cannabis shall have the authority to arrest said person: . . .

The search in this instance without a warrant was a legal search.

Although there seems to be no precedent in Washington as to whether the smell of marijuana alone is sufficient to constitute probable cause for a search, there is case authority from other states. A parallel case is *People v. Wolf*, 15 Ill. App. 3d 374, 304 N.E.2d 512 (1973), in which officers stopped a motor vehicle for having only one headlight. They detected a strong odor of marijuana emanating from the vehicle. After arresting the occupants of the car, the officers found a cigarette believed to contain marijuana. They asked to have the trunk of the car opened and there they discovered 16 plastic bags containing a substance thought to be the drug. The case contains considerable discussion of the right to examine the registration card and the numbers on the vehicle without a warrant, and concludes with the holding that the smell of marijuana was sufficient to constitute probable cause.

The same result was reached in two prior Illinois cases. *People v. Laird*, 11 Ill. App. 3d 414, 296 N.E.2d 864 (1973); *People v. Erb*, 128 Ill. App. 2d 126, 261 N.E.2d 431 (1970). These cases also point out the difference between searching a vehicle and the search of a home. The difficulty lies in securing a search warrant for a stopped motor vehicle with the risk that if a search is delayed the evidence could be disposed of by the accused.

In *In re S.E.B.*, 514 S.W.2d 948 (Tex. Civ. App. 1974) the officer opened the car door where the defendant was sitting

and he detected an odor of marijuana. The defendant made a quick gesture toward the floorboard as though hiding something. The court said the movement alone was not enough to establish probable cause for a search, but having previously smelled burning marijuana, the officer did have reasonable cause to search. Similarly, based on the smell of marijuana upon the defendant's person and coming from the vehicle, there was probable cause for an officer to search the vehicle in *State v. Downes*, ...... Ore. App. ......, 528 P.2d 110 (1974); *see also United States v. Burton*, 327 A.2d 308 (D.C. Ct. App. 1974).

Due to Trooper Owen's training and experience he was qualified to identify the smell as connected with marijuana. Since the trooper had probable cause to search, the LSD discovered became admissible evidence at the subsequent trial.

Judgment affirmed.

COCHRAN and WIEHL, JJ. Pro Tem., concur.

Petition for rehearing denied August 13, 1975.