[No. 3669–2.   Division Two.   November 7, 1979.]

THE STATE OF WASHINGTON, *Appellant,* v. LOU
MORRIS HAMMOND, *Respondent.*

*Henry R. Dunn, Prosecuting Attorney,* and *Randy Furman, Chief Deputy,* for appellant.

*Don McCulloch* and *Ed Putka,* for respondent.

SOULE, J.—The State appeals the trial court's suppression of evidence found in defendant's wallet during a police station search. We reverse.

At approximately 12:30 a.m. on May 13, 1978, Longview police stopped a vehicle in which the defendant was one of four occupants. The driver, Jacob, and two others sat in the front seat of the car, and defendant Hammond was alone in the back seat. As Officer Barnd approached the vehicle he detected the odor of burning marijuana, and this smell was confirmed by Sergeant Trotter when he arrived on the scene a few minutes later. The officers were trained and experienced in the identification of marijuana. They asked the driver to step out of the vehicle, and a search of him revealed quantities of cocaine, marijuana, and drug paraphernalia. The officers arrested the driver, placed him in a police vehicle, and removed the other occupants from the car one at a time, searching each of them. On the defendant, police found a small leather case containing a piece of glass, a razor blade, and a small tube with some white powder residue.[1] When this evidence was discovered, the police informed Hammond that he was under arrest, and he was placed in a patrol car. The officers also searched the vehicle, found a bowl in the front seat that contained marijuana, and the remains of marijuana cigarettes in the back seat ashtray.[2] A subsequent search by police of Hammond at the station revealed cocaine in his wallet. At a preliminary hearing, the court suppressed this cocaine evidence as the product of a search incident to an unlawful arrest.

---

[1]Sergeant Trotter observed the search and recognized the objects as paraphernalia commonly used for cutting cocaine or other narcotics.

[2]Defendant was the only occupant of the back seat.

There is no question that, if Hammond was lawfully arrested at the scene, the subsequent search of his wallet at the station was valid. *United States v. Edwards*, 415 U.S. 800, 39 L. Ed. 2d 771, 94 S. Ct. 1234 (1974). Although the officers had considerable evidence at the time they actually informed Hammond of his arrest, including cocaine paraphernalia and residues which had been discovered in his pocket, this evidence could not be relied on to establish probable cause for his arrest if it was the product of an unlawful search of Hammond. *Alderman v. United States*, 394 U.S. 165, 22 L. Ed. 2d 176, 89 S. Ct. 961 (1969). It is necessary to determine, therefore, whether the police lawfully searched Hammond at the scene.

■ We believe that the officers in this case acted reasonably when confronted with a difficult problem. The marijuana odor alerted them to the fact that the car's occupants likely possessed marijuana. It has been held that:

> An officer is entitled to rely on his senses in determining whether contraband is present in a vehicle. If contraband is seen or smelled, the officer is not required to close his eyes or nostrils, walk away, and leave the contraband where he sees or smells it. Probable cause may result from the use of any of the senses.

(Citations omitted.) *State v. Romonto,* 190 Neb. 825, 830, 212 N.W.2d 641, 644 (1973). When officers trained and experienced in marijuana identification detect its odor in a vehicle stopped along the highway, they do not have to ignore the odor, and have sufficient information to reasonably believe that the crime of marijuana possession is being committed in their presence. *State v. Compton,* 13 Wn. App. 863, 538 P.2d 861 (1975). RCW 10.31.100[3] which

---

[3]RCW 10.31.100 states:

"Any police officer having information to support a reasonable belief that a person has committed or is committing a misdemeanor or gross misdemeanor, involving physical harm or threats of harm to any person or property or the unlawful taking of property or involving the use or possession of cannabis shall have the authority to arrest said person: *Provided,* That nothing herein shall extend or otherwise affect the powers of arrest prescribed in chapter 46 RCW."

afforded a basis for the decision in *State v. Compton,* *supra,* is equally applicable to the case at bench.

Other jurisdictions also hold that probable cause to search the vehicle exists where trained officers detect marijuana odor. *See, e.g., United States v. Michel,* 588 F.2d 986 (5th Cir. 1979); *State v. Zamora,* 114 Ariz. 75, 559 P.2d 195 (1977); *Gordon v. State,* 259 Ark. 134, 529 S.W.2d 330 (1976); *State v. Barclay,* 398 A.2d 794 (Me. 1979); *State v. Ruzicka,* 202 Neb. 257, 274 N.W.2d 873 (1979). Courts have also held that marijuana odor constitutes probable cause for officers to arrest without a warrant for marijuana possession. In *People v. Olson,* 175 Colo. 140, 485 P.2d 891 (1971), an officer on routine patrol passed a parked car and had his suspicions aroused when the three youths in the car stared at him. When the officer returned to the car, it was empty, but he detected the odor of burnt marijuana inside it. The officer found the three suspects in a tavern across the street and arrested them for marijuana possession. The Colorado Supreme Court held that the subjects' suspicious demeanor and the odor of marijuana was sufficient information to constitute probable cause to arrest for marijuana possession.

Another pertinent case is *Dixon v. State,* 343 So. 2d 1345 (Fla. Dist. Ct. App. 1977). In *Dixon,* an officer detected a strong odor of burning marijuana coming from inside a vehicle. The officer asked the car's three occupants to step outside, then searched them and the car for marijuana. A packet of phencyclidine was found on Dixon and he was arrested for possession of that drug. The court held that the smoke and smell of marijuana in the vehicle established probable cause to arrest all three occupants for marijuana possession, and that they were validly searched incident to their arrest. *See also People v. Nichols,* 1 Cal. App. 3d 173, 81 Cal. Rptr. 481 (1969); *People v. Barcenas,* 251 Cal. App. 2d 405, 59 Cal. Rptr. 419 (1967); *People v. Vigil,* 175 Colo. 421, 489 P.2d 593 (1971); *State v. Daly,* 202 Neb. 217, 274 N.W.2d 557 (1979); *State v. Hartman,* 5 Ore. App. 156, 483 P.2d 107 (1971).

If the marijuana odor constitutes probable cause to arrest the vehicle's occupants, police may of course search them incident to the arrest. The court in *People v. Chestnut,* 43 App. Div. 2d 260, 351 N.Y.S.2d 26 (1974), however, relied on a different rationale. In *Chestnut,* the court sanctioned the search of the car's occupants in the absence of any arrest. The court agreed that the odor would constitute probable cause and felt a warrantless search was justified by the exigent circumstances of a vehicle stopped along the highway whose occupants are alerted to the officer's suspicions. In essence, the *Chestnut* court relied on the same rationale advanced in *State v. Compton, supra,* to support the warrantless search of an automobile. We do not reach the question, however, of whether the search warrant exception based on probable cause and exigent circumstances would apply to a search of an individual in these circumstances. We find that the officers in the instant case had probable cause to arrest Hammond for marijuana possession based on the marijuana odor in the vehicle, and to search him incident to that arrest. This holding is necessarily limited to cases where trained police officers identify marijuana odor in private vehicles. If the odor were present in a train or bus, the evidence that any particular passenger possessed marijuana would of course be weaker, and probable cause might not be established.

The search of Hammond at the scene occurred prior to the time the officers informed him of the arrest, although the officers testified that the suspects were not free to leave during the search. As long as probable cause to arrest exists at the time of the search, however, the search can occur before the officers place the subject under formal arrest if the search and arrest constitute a unified and reasonable undertaking. *State v. Smith,* 88 Wn.2d 127, 559 P.2d 970 (1977); *State v. Brooks,* 57 Wn.2d 422, 357 P.2d 735 (1960).

The marijuana odor established probable cause to arrest Hammond for marijuana possession. The officers searched Hammond incident to that arrest. The cocaine paraphernalia found on defendant at the scene, as well as

the cocaine discovered in his wallet at the station, was therefore admissible. Property seized incident to a lawful arrest may be used to prosecute the arrested person for a crime other than the one for which he was initially apprehended. *State v. Henneke,* 78 Wn.2d 147, 470 P.2d 176 (1970); *State v. Greene,* 75 Wn.2d 519, 451 P.2d 926 (1969); *State v. Haggarty,* 20 Wn. App. 335, 579 P.2d 1031 (1978).

The trial court's order suppressing the evidence as to defendant Hammond is reversed and the cause is remanded for trial.

PEARSON, C.J., and REED, J., concur.