187 P.3d 248 (2008)
STATE of Washington, Respondent,
v.
Jeremy GRANDE, Petitioner.
No. 81068-1.
Supreme Court of Washington, En Banc.
Argued March 18, 2008.
Decided July 17, 2008.
David Zuckerman, Attorney at Law, Seattle, WA, for Petitioner.
Skagit County Prosecutor's Office, Toni Guzzo Montgomery, Erik Pedersen, Mount Vernon, WA, for Respondent.
C. JOHNSON, J.
¶ 1 This case involves the warrantless search of a car and asks us to determine whether the moderate smell of marijuana emanating from a vehicle, without more, establishes probable cause to arrest all occupants of the vehicle and conduct a search *250 incident to arrest. We accepted review of the superior court decision, which reversed the district court's grant of the motion to suppress. The superior court upheld the arrest, concluding that, under these facts, probable cause was established as to all occupants of the vehicle. We hold article I, section 7 of the Washington Constitution requires individualized probable cause for each occupant of the vehicle, and the facts in this case do not support such a finding. We reverse the superior court.

FACTS
¶ 2 On April 6, 2006, state trooper Brent Hanger passed a vehicle with very dark, tinted windows. Hanger turned around, followed the car about one block, and pulled the vehicle over. Both occupants of the car recognized Hanger, presumably based on prior encounters. The driver, Lacee Hurley, became irate at Hanger, accusing him of harassment. The passenger, Jeremy Grande, was able to calm Hurley down.
¶ 3 Hanger detected the "moderate[]" smell of marijuana coming from the car. Clerk's Papers (CP) at 54. He informed both Hurley and Grande they were under arrest based on the odor of marijuana. Hurley and Grande were both handcuffed and searched. The search of Grande revealed a marijuana pipe containing a small amount of marijuana. While searching the car, another trooper found a burnt marijuana cigarette in the car's ashtray. Hurley claimed the cigarette as hers. Both Grande and Hurley were arrested and charged with possession of marijuana; Grande was also charged with possession of drug paraphernalia.
¶ 4 A pretrial motion hearing pursuant to CrRLJ 3.6 was held June 19, 2006, to determine whether probable cause existed to arrest Grande for possession of marijuana. The district court found that the facts presented, including the odor of marijuana coming from the vehicle, did "not justify a finding of probable cause specific to the defendant." CP at 85. The judge then granted Grande's motion to suppress the evidence. The State appealed the ruling and the superior court reversed the order based on the "controlling precedent" of State v. Hammond, 24 Wash.App. 596, 603 P.2d 377 (1979). CP at 88. Grande filed a motion for discretionary review in the Court of Appeals. The motion was granted. Review was then transferred to this court, pursuant to RAP 4.4.

ANALYSIS
¶ 5 The superior court in this case reversed the district court's order suppressing the evidence, finding that the drug paraphernalia should be admitted based on Grande's valid arrest and search of his person. Generally, an arrest gives "authority of law" to search, except where the arrest itself is unlawful. State v. Parker, 139 Wash.2d 486, 987 P.2d 73 (1999). A lawful arrest is a prerequisite to a lawful search. State v. Johnson, 71 Wash.2d 239, 242, 427 P.2d 705 (1967). The superior court ruled that the arrest was lawful and, as a result, police had authority of law to search Grande based on the odor of marijuana emanating from the vehicle. Grande asserts that his arrest was unlawful and the evidence seized from his person should have been suppressed. To determine if Grande's arrest was lawful, our analysis in this case begins with the question of whether there was probable cause justifying an intrusion into Grande's constitutionally protected privacy as a vehicle passenger. We review this constitutional question of law de novo.

Statutory Authority
¶ 6 As a preliminary matter, the State argues that RCW 10.31.100 gives authority to police to arrest any or all occupants of a vehicle where the officer detects the odor of marijuana. RCW 10.31.100 provides statutory authority for warrantless arrests as follows:
(1) Any police officer having probable cause to believe that a person has committed or is committing a misdemeanor or gross misdemeanor, involving . . . the use or possession of cannabis . . . shall have the authority to arrest the person.

RCW 10.31.100(1) (emphasis added). Grande points out that the language of the statute, "a person," refers to a requirement of individualized *251 probable cause. Certainly, our requirement for individualized probable cause has been upheld and protected by United States Supreme Court case law and our case law applying the Washington Constitution. This requirement is based on our individual right to privacy, which protects an individual where, as in this case, the police lack an objective basis to suspect that person of criminal activity. In order for the police to make a lawful arrest under RCW 10.31.100, there must be a finding of individualized probable cause. We conclude that the statutory requirement is consistent with the constitutional probable cause requirement and reject the State's argument.

Right to Privacy
¶ 7 Each individual possesses the right to privacy, meaning that person has the right to be left alone by police unless there is probable cause based on objective facts that the person is committing a crime. This probable cause requirement is derived from the language of the Fourth Amendment to the United States Constitution, which provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause. . . ." Our state constitution similarly protects our right to privacy in article I, section 7, stating, "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law."
¶ 8 Our cases require us to presume warrantless searches and seizures invalid unless an exception applies. State v. Rankin, 151 Wash.2d 689, 699, 92 P.3d 202 (2004). The burden is on the State to show one of those exceptions applies, such as probable cause that a crime is being committed. In Rankin, we held that the freedom from disturbance in private affairs afforded to vehicle passengers in Washington under article I, section 7, prohibits law enforcement officers to effect a seizure against that passenger unless the officer has an articulable suspicion that that person is involved in criminal activity. Rankin, 151 Wash.2d at 699, 92 P.3d 202. We based this holding on the requirement that the articulable suspicion must be specific to the individual to rise to the level of probable cause to arrest.
¶ 9 Although article I, section 7 often provides greater protection in some instances for individual privacy than the Fourth Amendment, State v. Jones, 146 Wash.2d 328, 332, 45 P.3d 1062 (2002), under both the state and federal constitutions the probable cause requirement must be met. As a result, the probable cause analysis under the Fourth Amendment is substantively the same analysis as the probable cause inquiry under article I, section 7.
¶ 10 An equivalent quantum of evidence is required whether the inquiry is one of probable cause to arrest or probable cause to search, although each requires somewhat different facts and circumstances. 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 3.1(b) (4th ed.2004). Thus, cases involving searches, although they may differ factually, help demonstrate the level of evidence required to constitute probable cause for a warrantless arrest, such as the arrest we are examining here.
¶ 11 In analyzing the requirements under article I, section 7, we determine "`whether the State unreasonably intruded into the defendant's "private affairs."'" State v. Mendez, 137 Wash.2d 208, 219, 970 P.2d 722 (1999) (quoting State v. Myrick, 102 Wash.2d 506, 510, 688 P.2d 151 (1984)). In Mendez, we specifically recognized that this constitutional protection extends to automobile passengers. We held that the police must have a basis to believe that their safety is at risk to order passengers out of the car or to remain in the car. Requiring a police officer to "be able to articulate an objective rationale predicated specifically on safety concerns" before intruding on passenger privacy ensures that any intrusion into that person's privacy is de minimis. Mendez, 137 Wash.2d at 220, 970 P.2d 722. The point was emphasized in Mendez in relation to the privacy rights of passengers and supports our analysis in this case. The police officer's arrest of Grande was not predicated on safety concerns, but on the odor of marijuana emanating from the vehicle. As a result, the question is whether the police officer had an *252 objective rationale that it was Grande committing a crime and consequently, probable cause for his arrest.
¶ 12 In other settings, we have concluded that where officers do not have anything to independently connect an individual to illegal activity, no probable cause exists and an arrest or search of that person is invalid under article I, section 7. State v. Parker, 139 Wash.2d 486, 498, 987 P.2d 73 (1999). In Parker, we examined the question of whether personal belongings of a nonarrested vehicle passenger were subject to search incident to the arrest of the driver. The lead opinion held that the arrest of one or more vehicle occupants does not, without more, provide "`authority of law' under article I, section 7 of our state constitution to search other, nonarrested vehicle passengers, including personal belongings." Parker, 139 Wash.2d 502-03, 987 P.2d 73. Although Grande's case can be factually distinguished from the cases encompassed in Parker, our examination of article I, section 7 and its requirement for police to have individualized probable cause is applicable here.
¶ 13 The State argues that the Court of Appeals decision in State v. Hammond, 24 Wash.App. 596, 603 P.2d 377 (1979), supports a finding of individualized probable cause in this case. In Hammond, the court held that the odor of burning marijuana emanating from a vehicle established probable cause to arrest the passengers and the driver. Hammond, 24 Wash.App. 596, 603 P.2d 377. The State asserts that, based on Hammond and other cases from the Court of Appeals, the marijuana odor in such a small and confined space creates individualized suspicion to all passengers when the odor is not pinpointed to any one of them. See State v. Huff, 64 Wash.App. 641, 826 P.2d 698 (1992); State v. Compton, 13 Wash.App. 863, 538 P.2d 861 (1975). We disagree with this argument, both factually and legally.
¶ 14 In Compton, the Court of Appeals held that the smell of marijuana was sufficient to establish probable cause for a search of the driver's person. As the sole occupant of the vehicle, Compton was more susceptible to search than a passenger where the police officer had concerns about safety or the impairment of Compton's driving ability. In that case, the trooper began his search with a frisk for weapons, during which Compton reached down into his shirt to grab something. At that point, the trooper stopped him and grabbed his hand, discovering the illegal drugs. Compton, 13 Wash.App. at 864, 538 P.2d 861. Thus, it appears Compton's search began with a frisk out of concern for the officer's safety and is distinguished from this case. More importantly is the fact that Compton was the only occupant in the vehicle where the smell was emanating.
¶ 15 In Huff, both the driver and passenger were arrested where the police officer smelled methamphetamine coming from the car. Notably, neither occupant was arrested for possession. In determining whether the arrest of the passenger was valid, the Court of Appeals stated that "probable cause to arrest the occupants of a car for possession of a controlled substance exists when a trained officer detects the odor of a controlled substance is emanating from a vehicle." Huff, 64 Wash.App. at 647, 826 P.2d 698 (citing Hammond, 24 Wash.App. 596, 603 P.2d 377). However, the court held there was probable cause to arrest the passenger based not solely on the smell of illegal drugs but on three factors: (1) the passenger looked back at him and made furtive gestures; (2) he smelled methamphetamine coming from the car; and (3) the passenger lied about her identity. Huff, 64 Wash.App. at 648, 826 P.2d 698. The court's multifactored analysis does not support the State's argument here that marijuana odor itself is a basis for probable cause to arrest a passenger.
¶ 16 Both Huff and Compton are distinguishable from this case, and, thus, Hammond remains the only case that debatably supports the State's argument. However, Hammond was decided three weeks before Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), which was the United States Supreme Court's first explicit statement that the right to privacy and protections against search and seizure are possessed individually. In Ybarra, the Court recognized that a search or seizure of a person must be supported by probable cause *253 particularized with respect to that person. Ybarra, 444 U.S. at 91, 100 S.Ct. 338. The Court held that where a search warrant specified a particular tavern and the owner of that tavern may be searched for illegal drugs, search and seizure of a patron was unconstitutional without reasonable belief that the patron was involved in any criminal activity. The Constitution's protections against illegal search and seizure are "possessed individually." Ybarra, 444 U.S. at 92, 100 S.Ct. 338. Because Hammond's holding is at odds with the privacy principles articulated in Ybarra and under our state constitution, Hammond was decided incorrectly and is overruled. Ybarra and our court's case law remain controlling precedent on this constitutional requirement of probable cause.
¶ 17 The State argues that the United States Supreme Court has distinguished between individualized probable cause in a situation like Ybarra and individualized probable cause in a vehicle, as examined in Maryland v. Pringle, 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003). In Pringle, police officers found five baggies of cocaine and a large amount of money within reach of all three passengers in the vehicle. Because none of the occupants would admit to knowledge of the drugs, all three were arrested for possession. The Court held that where it is reasonable for a police officer to infer a common enterprise among the occupants, there is probable cause to arrest the passengers as well as the driver of a vehicle. Pringle, 540 U.S. at 373, 124 S.Ct. 795. An important distinction between Pringle and this case is that the drugs and paraphernalia were found prior to the arrest of the vehicle's occupants. Regardless, our probable cause determination has not embraced the "common criminal enterprise" inference of the United States Supreme Court. Our constitution requires individual probable cause that the defendant committed some specific crime.
¶ 18 The superior court in this case found that "[u]nless the odor of marijuana can be clearly associated with one person in a vehicle, thus alleviating suspicion of the other occupants of the car, the officer may proceed on probable cause." CP at 93. Actually, the reverse of this holds true. Our state constitution protects our individual privacy, meaning that we are free from unnecessary police intrusion into our private affairs unless a police officer can clearly associate the crime with the individual. We cannot wait until the people we are associating with "alleviat[e] the suspicion" from us. Unless there is specific evidence pinpointing the crime on a person, that person has a right to their own privacy and constitutional protection against police searches and seizures.[1]
¶ 19 This does not mean, however, that a law enforcement officer must simply walk away from a vehicle from which the odor of marijuana emanates and in which more than one occupant is present if the officer cannot determine which occupant possessed or used the illegal drug. In this case, because the officer had training and experience to identify the odor of marijuana and smelled this odor emanating from the vehicle, he had probable cause to search the vehicle. See generally Andrea Levinson Ben-Yosef, Validity of Warrantless Search of Motor Vehicle Based on Odor of Marijuana  Federal Cases, 188 A.L.R. Fed. 487 (2003); Andrea Levinson Ben-Yosef, Validity of Warrantless Search of Motor Vehicle Based on Odor Marijuana-State Cases, 114 A.L.R.5th 173 (2003). Instead, here the police officer arrested both occupants without first establishing individualized probable cause. Thus, Grande's warrantless arrest was invalid.
¶ 20 Our cases have strongly and rightfully protected our constitution's protection of individual privacy. The protections of article I, section 7 do not fade away or disappear within the confines of an automobile. Parker, 139 Wash.2d at 505, 987 P.2d 73. We have always been careful to balance an individual's privacy concerns with the safety concerns and law enforcement duties of police officers. Within this balance, we have carefully safeguarded constitutional privacy rights by adherence to the requirement of an *254 individualized determination before those rights can be infringed.

CONCLUSION
¶ 21 We hold that the smell of marijuana in the general area where an individual is located is insufficient, without more, to support probable cause for arrest. Where no other evidence exists linking the passenger to any criminal activity, an arrest of the passenger on the suspicion of possession of illegal substances, and any subsequent searches, is invalid and an unconstitutional invasion of that individual's right to privacy. We reverse the superior court and reinstate the district court's order of suppression.
ALEXANDER, C.J., MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, J. JOHNSON, and STEPHENS, JJ., concur.
NOTES
[1] In many cases where courts have found probable cause to search a passenger or the passenger's clothing, there was some additional factor tying the passenger to the drug. See generally George L. Blum, Validity of Warrantless Search of Motor Vehicle Passenger Based on Odor of Marijuana, 1 A.L.R.6th 371, at § 4 (2005).