236 P.3d 885 (2010)
STATE of Washington, Respondent,
v.
Micah Newman TIBBLES, Petitioner.
No. 80308-1.
Supreme Court of Washington, En Banc.
Argued October 14, 2008.
Decided August 5, 2010.
*886 Sharon Jean Blackford, Law Office of Sharon Blackford, P.L.L.C., Seattle, WA, for Petitioner.
*887 Colleen Sue Kenimond, Gregory Marshall Banks, Island County Prosecutor's Office, Coupeville, WA, for Respondent.
STEPHENS, J.
¶ 1 This case calls upon us to consider once again the scope of an individual's privacy interests under Washington Constitution article I, section 7 in the context of a warrantless automobile search. Micah Tibbles seeks review of his misdemeanor convictions for possession of marijuana and drug paraphernalia arising from a search of his vehicle following a traffic stop. During the stop, Trooper Norman Larsen detected a strong odor of marijuana coming from Tibbles's car. Though he did not arrest Tibbles or seek a warrant, he searched the car. The district court, superior court, and Court of Appeals all upheld the search under the "exigent circumstances" exception to the warrant requirement. We hold the search was not justified by exigent circumstances and the evidence obtained as a result of the search should have been suppressed. Accordingly, we reverse the Court of Appeals.

FACTS AND PROCEDURAL HISTORY
¶ 2 Just before midnight on October 28, 2004, Trooper Larsen noticed that a vehicle driven by Tibbles had a defective taillight. He stopped the car and, upon making contact with Tibbles, detected a strong odor of marijuana. At the trooper's request, Tibbles provided his license but could not find his registration. Trooper Larsen asked Tibbles to step out of his vehicle, and Tibbles complied. The trooper informed Tibbles he could smell marijuana; Tibbles replied that he did not have any in his possession. Trooper Larsen then searched Tibbles but did not find either marijuana or drug paraphernalia. In response to the trooper's questioning, Tibbles denied smoking marijuana that day.
¶ 3 Trooper Larsen then proceeded to search the interior of Tibbles's car. Under the front passenger seat inside a brown paper bag, he found a glass pipe, a glass container with what he believed was marijuana, a knife, and two lighters. Tibbles denied the marijuana was his.
¶ 4 Trooper Larsen did not arrest Tibbles but cited and released him after confiscating the suspected marijuana and drug paraphernalia. Subsequent testing by the Washington State Patrol verified that the substance in the glass container was marijuana.
¶ 5 The State charged Tibbles with misdemeanor possession of marijuana and drug paraphernalia. Before his trial in district court, Tibbles moved to suppress the evidence seized by Trooper Larsen as the poisonous fruits of an illegal search. The district court denied his motion, concluding exigent circumstances justified the warrantless automobile search. Tibbles was convicted following a stipulated facts trial.
¶ 6 Tibbles appealed the denial of his motion to suppress. Recognizing the legal issue as whether the stipulated facts established exigent circumstances, both the superior court and the Court of Appeals affirmed. State v. Tibbles, noted at 138 Wash.App. 1046, 2007 WL 1464456. Tibbles petitioned this court for review, which we granted. State v. Tibbles, 163 Wash.2d 1032, 185 P.3d 1196 (2008).

ANALYSIS
¶ 17 The question before us is whether the warrantless search of Tibbles's car violated his right to privacy under article I, section 7 of the Washington State Constitution. We begin with the presumption that warrantless searches are per se unreasonable under our state constitution. State v. Hendrickson, 129 Wash.2d 61, 70, 917 P.2d 563 (1996). And, we have recognized that "the right to be free from unreasonable governmental intrusion into one's `private affairs' encompasses automobiles and their contents." State v. Parker, 139 Wash.2d 486, 494, 987 P.2d 73 (1999). Even where probable cause to search exists, a warrant must be obtained unless excused under one of a narrow set of exceptions to the warrant requirement. State v. Ringer, 100 Wash.2d 686, 701, 674 P.2d 1240 (1983) (citing State v. Smith, 88 Wash.2d 127, 135, 559 P.2d 970 (1977)), overruled on other grounds by State v. Stroud, 106 Wash.2d 144, 720 P.2d 436 (1986); see also Hendrickson, 129 Wash.2d at 70, 917 P.2d 563 (noting warrant exceptions *888 are "`jealously and carefully drawn'" (quoting Arkansas v. Sanders, 442 U.S. 753, 759, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979))). We have recognized exceptions for: consent, exigent circumstances, searches incident to a valid arrest, inventory searches, plain view, and Terry[1] investigative stops. Hendrickson, 129 Wash.2d at 71, 917 P.2d 563. The State bears the burden to show an exception applies. Id.
¶ 8 Preliminarily, there is no issue in this case about probable cause. We recently recognized that the odor of marijuana emanating from an automobile may provide probable cause to search. State v. Grande, 164 Wash.2d 135, 146, 187 P.3d 248 (2008) (stating, "In this case, because the officer had training and experience to identify the odor of marijuana and smelled this odor emanating from the vehicle, he had probable cause to search the vehicle."). Tibbles does not appear to challenge the existence of probable cause to search. Tibbles, 2007 WL 1464456, at *2 n. 2. Nor does he dispute that the odor of marijuana in a vehicle may provide probable cause to arrest the sole occupant, as we recognized in Grande, 164 Wash.2d at 146, 187 P.3d 248. But, the existence of probable cause, standing alone, does not justify a warrantless search. Probable cause is not a recognized exception to the warrant requirement, but rather the necessary basis for obtaining a warrant. Hendrickson, 129 Wash.2d at 71, 917 P.2d 563. Because Trooper Larsen did not arrest Tibbles, and did not have a warrant when he searched Tibbles's car, the search must be justified by one of our recognized warrant exceptions. The State relies solely on the exception for "exigent circumstances." Clerk's Papers (CP) at 44; see Suppl. Br. of Resp't at 4; Suppl. Br. of Pet'r at 5.[2]
¶ 9 The exigent circumstances exception to the warrant requirement applies where "`obtaining a warrant is not practical because the delay inherent in securing a warrant would compromise officer safety, facilitate escape or permit the destruction of evidence.'" State v. Smith, 165 Wash.2d 511, 517, 199 P.3d 386 (2009) (quoting State v. Audley, 77 Wash.App. 897, 907, 894 P.2d 1359 (1995)). This court has identified five circumstances from federal cases that "could be termed `exigent'" circumstances. State v. Counts, 99 Wash.2d 54, 60, 659 P.2d 1087 (1983) (emphasis added). They include "(1) hot pursuit; (2) fleeing suspect; (3) danger to arresting officer or to the public; (4) mobility of the vehicle; and (5) mobility or destruction of the evidence." Id. (citations omitted); see also State v. Terrovona, 105 Wash.2d 632, 644, 716 P.2d 295 (1986). However, merely because one of these circumstances exists does not mean that exigent circumstances justify a warrantless search. E.g., State v. Patterson, 112 Wash.2d 731, 735, 774 P.2d 10 (1989). A court must look to the totality of the circumstances in determining whether exigent circumstances exist.[3]Smith, 165 Wash.2d at 518, 199 P.3d 386.
¶ 10 Considering the relevant factors in determining an exigency, the State has not shown that exigent circumstances justified the warrantless search of Tibbles's car. See Hendrickson, 129 Wash.2d at 71, 917 P.2d 563. The situation in this case stands in *889 sharp contrast to other situations in which we have held exigent circumstances to exist. In Patterson, we concluded that exigent circumstances justified entry into a parked vehicle where a burglary had very recently been committed, the suspect was likely in the immediate vicinity of the vehicle because the officers discovered the vehicle a mere five minutes after the robbery, information in the automobile could help identify and locate the suspect, and a delay in searching the vehicle could have allowed the suspect to flee the area. 112 Wash.2d at 735-36, 774 P.2d 10. Similarly, we found exigencies in Smith where there was a tanker truck filled with 1,000 gallons of a dangerous chemical parked next to a house, a rifle had been seen in the house, the rifle went missing, and the two known occupants of the house did not possess the rifle. 165 Wash.2d at 518, 199 P.3d 386.
¶ 11 On the stipulated facts in this case, the State has not shown any need for particular haste. The suspect was not fleeing, nor has there been any showing that he presented a risk of flight. While there was probable cause that evidence of contraband existed in the vehicle, Tibbles was outside the vehicle when Trooper Larsen searched it and the State has not established that the destruction of evidence was imminent. Additionally, the State has not established that obtaining a warrant was otherwise impracticable. For example, we do not know whether Larsen could have used a cell phone or radio to procure a telephonic warrant or whether he could have called backup to secure the scene while Larsen went to procure a warrant. The record contains no evidence of what Larsen would have had to do to procure a warrant at the time of the search.
¶ 12 With regard to safety concerns, the stipulated facts do not establish that Trooper Larsen felt he or anyone else was in danger as a result of Tibbles's actions. CP at 44. Tibbles was not stopped on suspicion of impaired driving, but rather for a defective taillight. Id. Tibbles was alone, was compliant with the trooper's requests, and moreover, was released rather than arrested and allowed to drive away even after Trooper Larsen searched the car and seized the marijuana and drug paraphernalia. Id.
¶ 13 It is the State's burden to establish that one of the exceptions to the warrant requirement applies. State v. Acrey, 148 Wash.2d 738, 746, 64 P.3d 594 (2003). In the case of hot pursuit or similar situations presenting a risk to officer safety, the State's burden can be met by establishing the immediacy of the risk of flight or risk of harm. The facts, as presented here, do not implicate these concerns, nor has the State attempted to show why it was impracticable for Trooper Larsen to obtain a warrant before conducting his search. To find exigent circumstances based on these bare facts would set the stage for the exigent circumstances exception to swallow the general warrant requirement. It would give the erroneous impression that an exigency may be based on little more than a late-night stop for defective equipment, an officer working alone, and circumstances indicating possible drug possession. This very likely describes any number of encounters between law enforcement and private citizens that occur everyday.
¶ 14 We conclude that the State has not carried its burden to show that the stipulated facts in this case present an exigency. At best, the State has shown it was expedient for Trooper Larsen to conduct the search as he did. But, whatever relative convenience to law enforcement may obtain from forgoing the burden of seeking a warrant once probable cause to search arises in circumstances such as here, we adhere to the view that "mere convenience is simply not enough." Patterson, 112 Wash.2d at 734, 774 P.2d 10. The underlying theme of the exigent circumstances exception remains "[n]ecessity, a societal need to search without a warrant." Id. at 735, 774 P.2d 10. The State has not met its burden to establish exigent circumstances. Accordingly, we hold that the warrantless search of Tibbles's car violated article I, section 7 of the Washington Constitution, and the evidence obtained as a result of the search should be suppressed.[4]

*890 CONCLUSION
¶ 15 Exigent circumstances will be found only where obtaining a warrant is not practical because the delay inherent in securing a warrant would compromise officer safety, facilitate escape, or permit the destruction of evidence. Smith, 165 Wash.2d at 517, 199 P.3d 386. Because the State failed to establish exigent circumstances justifying the warrantless search of Tibbles's car, we reverse the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, RICHARD B. SANDERS, TOM CHAMBERS, and MARY E. FAIRHURST, Justices.
MADSEN, C.J. (dissenting).
¶ 16 The evidence in this case establishes exigent circumstances justifying the warrantless search of the defendant's vehicle. Both the danger of destruction of contraband and the mobility of the vehicle, together, constitute such exigent circumstances. Unfortunately, notably absent from the majority's analysis is any significant discussion of the key issue debated by the parties in this case, whether, under article I, section 7 of the Washington State Constitution, exigent circumstances justifying a warrantless search include the mobility of a vehicle.
¶ 17 Perhaps the most disturbing part of the majority is that it utilizes the Terrovona[1] factors, which are designed to be used to determine whether incursion into the home is justified by exigent circumstances, to determine whether exigencies exist here. But this case does not involve a home, which deserves the highest protection against warrantless entry. Rather, it involves the search of an automobile, which is by definition mobile, by a lone officer in the middle of the night in rural Island County.

Analysis
¶ 18 Article I, section 7 provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." It is settled that this provision is subject to an interpretation independent from that given the Fourth Amendment to the United States Constitution. See, e.g., State v. Athan, 160 Wash.2d 354, 365, 158 P.3d 27 (2007). The only question in a given case is the nature and extent of the protection afforded under article I, section 7, which in some areas is greater than that provided under the federal constitution. Id.; State v. McKinney, 148 Wash.2d 20, 26, 60 P.3d 46 (2002).
¶ 19 Under our state provision, a warrantless search is per se unreasonable unless it falls within an exception to the warrant requirement. State v. Patton, 167 Wash.2d 379, 386, 219 P.3d 651 (2009). Exceptions include exigent circumstances. State v. Garvin, 166 Wash.2d 242, 249, 207 P.3d 1266 (2009). For the exigent circumstances exception to the warrant requirement to apply, there must be both probable cause to search and exigent circumstances that justify not obtaining a warrant. See Patton, 167 Wash.2d at 391 n. 8, 219 P.3d 651; State v. Ringer, 100 Wash.2d 686, 700, 674 P.2d 1240 (1983), overruled on other grounds by State v. Stroud, 106 Wash.2d 144, 720 P.2d 436 (1986). We have frequently noted that exigent circumstances include the mobility of a vehicle and the mobility or possible destruction of evidence. E.g., State v. Smith, 165 Wash.2d 511, 521, 199 P.3d 386 (2009).
¶ 20 The majority refers to six nonexclusive factors that may aid in determining exigent circumstances. Majority at 888 n. 3. The list is derived from Terrovona, a case involving the question whether a warrantless entry into a home to effectuate an arrest was warranted. Terrovona, 105 Wash.2d at 644, *891 716 P.2d 295. In Terrovona, we noted that the United States Supreme Court in Welsh v. Wisconsin, 466 U.S. 740, 751, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), had described Dorman v. United States, 140 U.S.App.D.C. 313, 435 F.2d 385 (1970), "as a leading case in defining exigencies," and we listed the six "elements" from Dorman that "aid in determining when a warrantless police entry into a home is justified." Terrovona, 105 Wash.2d at 644, 716 P.2d 295. The factors on their face appear unhelpful in other contexts. For example, two of the factors are clearly inapplicable here: "`that there is strong reason to believe that the suspect is on the premises" and "the entry [can be] made peaceably." Smith, 165 Wash.2d at 517, 199 P.3d 386 (quoting State v. Cardenas, 146 Wash.2d 400, 406, 47 P.3d 127, 57 P.3d 1156 (2002)), quoted in majority at 888 n. 3.
¶ 21 Nonetheless, the majority considers some of these factors when deciding whether exigencies exist here. Majority at 888-89. The exigencies that should be considered, though, are the ones that actually exist in this case, not exigencies that do not exist and are gleaned from a list that does not directly apply in the context here.
¶ 22 As mentioned, the parties debate whether the mobility of a vehicle is an exigent circumstance. Tibbles contends that this court has already held that it is not, citing State v. Patterson, 112 Wash.2d 731, 774 P.2d 10 (1989), and State v. Parker, 139 Wash.2d 486, 987 P.2d 73 (1999). In Patterson, the court did not find exigent circumstances justifying the search of a car when it was parked and unoccupied and the whereabouts of the driver unknown. Given its facts, Patterson does not stand for the broad proposition that the mobility of a vehicle is never an exigent circumstance.[2] Tibbles' reliance on Parker is similarly misplaced because the validity of a search incident to arrest was at issue. Parker, 139 Wash.2d at 497, 987 P.2d 73 (addressing search incident to arrest exception to the warrant requirement).
¶ 23 Although neither Patterson nor Parker supports Tibbles' contention that the mobility of the vehicle is never an exigent circumstance, it is unnecessary in this case to decide whether the mobility of a vehicle alone justifies a warrantless search of a vehicle. "Although ordinarily warrantless entries are presumptively unreasonable, warrant requirements must yield when exigent circumstances demand that police act immediately." Cardenas, 146 Wash.2d at 405, 47 P.3d 127, 57 P.3d 1156. For example, exigent circumstances exist if "delay will probably result in the destruction of evidence." State v. Carter, 151 Wash.2d 118, 128, 85 P.3d 887 (2004) (citing State v. Hendrickson, 129 Wash.2d 61, 71, 917 P.2d 563 (1996)). The underlying rationale for the exigent circumstances exception is that a search will be justified without a warrant when obtaining a warrant is not practical because delay in obtaining a warrant would, among other possibilities, "facilitate escape or permit the destruction of evidence." Smith, 165 Wash.2d at 517, 199 P.3d 386.
¶ 24 Here, the evidence, in the form of stipulated facts, establishes that the mobility of the vehicle and the danger that evidence would be destroyed if Trooper Norman Larsen had delayed the search until a warrant could be procured were exigent circumstances that justified the warrantless search of Micah Tibbles' vehicle. When Trooper Larsen stopped Tibbles' vehicle late at night in late October, Tibbles was the only occupant of the car. Larsen smelled a strong odor of marijuana coming from the vehicle, and he told Tibbles that he smelled it. Tibbles, however, denied having any marijuana, and when Larsen searched Tibbles he found no marijuana. Larsen also asked Tibbles if he had smoked any marijuana that day, but Tibbles denied doing so.
¶ 25 At this point, the trooper had a reasonable basis to believe that marijuana was *892 in the vehicle given the "strong odor" that he detected and the fact that the vehicle was the only remaining place it could reasonably be found. As for Tibbles, because Larsen had inquired about marijuana possession and use, Tibbles was alerted to the officer's suspicion that he had the drug. Mr. Tibbles thus had a strong motive to avoid Larsen's discovery of the marijuana.
¶ 26 Tibbles could have, because of the vehicle's mobility, easily and quickly driven himself and the evidence away from the scene if Larsen, who was alone, had delayed the search while attempting to procure a warrant. He also could have, because of the kind of evidence at issue, easily and quickly disposed of or destroyed the evidence of marijuana use or possession. Contrary to the majority's apparent belief that securing a timely search warrant in the middle of the night, in a rural area, is an easy matter, the facts show that the officer was alone, either had to remain with the vehicle, the suspect, and the evidence in order to prevent flight or destruction of evidence or seek to obtain a warrant, increasing the risk of one of these events happening.
¶ 27 Regardless of whether the mobility of the vehicle was, alone, enough to establish exigent circumstances, the evidence, objectively viewed, establishes that the combination of mobility and the danger of destruction of evidence together constitute exigent circumstances under our precedent.[3] It is the confluence of the likely presence of evidence consisting of marijuana, which could easily be destroyed or disposed of from the vehicle, Tibbles' having been alerted to the officer's suspicion that there was evidence of marijuana use or possession in the vehicle, and the mobility of the vehicle itself, which could easily be driven away, that creates the exigent circumstances in this case.
¶ 28 This reasoning is supported by many other courts that have addressed the same or similar circumstances involving the smell of marijuana from a vehicle. See, e.g., United States v. Stevie, 578 F.2d 204, 210 (8th Cir. 1977) (automobile was stopped on a busy highway shortly after midnight; odor of marijuana detected; exigent circumstances justified an immediate search); State v. Chavez-Inzunza, 145 Ariz. 362, 364, 701 P.2d 858, 860 (1985) (mobile character of the vehicle as well as the odor of marijuana supplied exigent circumstances justifying a search); McDaniel v. State, 65 Ark.App. 41, 985 S.W.2d 320 (1999) (odor of marijuana emanating from vehicle stopped on a rural road at 1:00 in the morning justified warrantless search under exigent circumstances exception); People v. Cook, 13 Cal.3d 663, 532 P.2d 148, 119 Cal. Rptr. 500 (1975) (car stopped for speeding; odor of raw marijuana detected; exigent circumstances made obtaining a search warrant impractical, including the time of night and the fact that the car was on a deserted highway); Ingle v. Superior Court, 129 Cal. App.3d 188, 181 Cal.Rptr. 39 (1982) (police stopped a car for speeding; smelled raw marijuana; had probable cause to search; warrantless search justified); State v. Paggett, 684 So.2d 1072, 1074 (La.App.1996) (odor of marijuana justified warrantless search of automobile under exigent circumstances); Moulden v. State, 576 S.W.2d 817, 819-20 (Tex.Crim.App.1978) (officers detected odor of burnt marijuana emanating from vehicle after valid stop; warrantless search of automobile justified by exigent circumstances); State v. Maycock, 947 P.2d 695 (Utah App.1997) (exigent circumstances existed justifying warrantless search of vehicle when officer stopped defendant's vehicle; defendant was alerted to the police presence, if police attempted to secure warrant, defendant may have fled).
¶ 29 Because I believe that the evidence shows that exigent circumstances existed under the facts of this case, I would conclude that the officer's warrantless search of the vehicle was justified. Accordingly, I dissent from the majority's contrary view.
¶ 30 Turning to another matter, the actual charging instrument is not in the record and *893 Tibbles does not claim that he was charged with or convicted of conduct that is not a crime. However, it is not illegal to merely possess drug paraphernalia in this state, although it is illegal to use drug paraphernalia. State v. Walker, 157 Wash.2d 307, 138 P.3d 113 (2006); State v. O'Neill, 148 Wash.2d 564, 584 n. 8, 62 P.3d 489 (2003); see RCW 69.50.412(1). Documents in the record indicate that Tibbles was nevertheless charged with and convicted of possession of drug paraphernalia. See Clerk's Papers (CP) at 50 (trial judge found that "defendant had unlawful constructive possession of the marijuana and paraphernalia"); CP at 2 (Court of Appeals Commissioner's Ruling Granting Discretionary Review states that Tibbles sought discretionary review of, in part, his conviction for "possession of drug paraphernalia"); CP at 22 (Br. of the Resp't on RALJ Appeal stated that Tibbles was charged with "Possession of Drug Paraphernalia"). It is possible that Tibbles was convicted of a nonoffense.

Conclusion
¶ 31 The mobility of Mr. Tibbles' vehicle, together with the possible destruction of evidence that might have occurred if Trooper Larsen had delayed his search until he had taken the time to procure a warrant, were exigent circumstances that justified the warrantless search of Mr. Tibbles' vehicle. Therefore, I would affirm the Court of Appeals and uphold Mr. Tibbles' conviction for possession of marijuana.
¶ 32 Mr. Tibbles has not challenged his conviction for possession of drug paraphernalia, and the charging instrument is not in the record. Therefore, although it appears that he may have been convicted of a nonoffense (there is no such offense under state statutes), the issue is not properly before the court and cannot be resolved on this record.
WE CONCUR: CHARLES W. JOHNSON and SUSAN OWENS, Justices.
J.M. JOHNSON, J., (concurring in dissent).
¶ 33 I join the dissent's conclusion that the mobility of Micah Tibbles' car, plus the danger of destruction of evidence, qualifies as exigent circumstances. Trooper Norman Larsen's search thus comported with Washington Constitution article I, section 7. I write separately because the threat posed to public safety by drug-impaired driving further supports applying the exigent circumstances exception.
¶ 34 Danger to the public or an arresting officer can provide a basis for warrantless searches under the exigent circumstances exception. State v. Counts, 99 Wash.2d 54, 60, 659 P.2d 1087 (1983) (citing United States v. Moschetta, 646 F.2d 955 (5th Cir.1981)). It is established but not sufficiently recognized that marijuana, like alcohol, impairs behavioral and cognitive skills and thus impairs driving performance.[1] Indeed, marijuana intoxication is a leading cause of fatal driving accidents in this country.[2] Thus, while marijuana use outside the automobile context may not automatically implicate an immediate concern for public safety, a "stoned" driver certainly does (especially with a supply of additional, readily available drugs under his seat). Here, the officer released Tibbles after questioning, presumably because Tibbles did not show signs of great present impairment. But a driver who has marijuana and a pipe under the front seat, as Tibbles did, is no less a threat to public safety than an apparently sober driver with an open container of alcohol. The exigent circumstances exception to the warrant requirement is thus satisfied by the vehicle's mobility, the threat to preservation of evidence, and the danger to public safety.
¶ 35 The majority asserts that allowing the circumstances of this case to justify a warrantless search would authorize similar searches during "any number of encounters *894 between law enforcement and private citizens that occur everyday." Majority at 889. Not so; the facts of this case are not common. Here, an officer was working alone at night in a rural part of the state. He made a traffic stop on a highway. Upon inspection, he plainly detected the strong odor of marijuana, a drug that impairs drivers and could lead to an accident in an area removed from any substantial medical and emergency services. A search of the suspect revealed no marijuana, leaving the car as the only possible location of the odor. These facts do not describe multiple daily encounters between law enforcement officers and private citizens in this state. For those uncommon cases where these facts are replicated, the exigent circumstances legal framework provides the authority of law required for a constitutional search under article I, section 7. All too often, innocent third parties are the victims of such drivers. The constitution allows police to take reasonable steps to avoid such tragedies. I dissent.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] Because the State argues only exigent circumstances, Tibbles misplaces reliance on State v. O'Neill, 148 Wash.2d 564, 62 P.3d 489 (2003). In O'Neill, we rejected the State's argument that a warrantless vehicle search was justified under the "incident to arrest" exception because there was probable cause to arrest the defendant, even though the officers did not do so. 148 Wash.2d at 587, 62 P.3d 489. The State makes no such argument here, and nothing in our opinion in O'Neill precludes the State from relying on the exigent circumstances exception in lieu of the search incident to arrest exception.
[3] Six nonexclusive factors may aid in determining the existence of exigent circumstances:

"(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) whether there is reasonably trustworthy information that the suspect is guilty; (4) there is strong reason to believe that the suspect is on the premises; (5) a likelihood that the suspect will escape if not swiftly apprehended; and (6) the entry [can be] made peaceably."
Smith, 165 Wash.2d at 518, 199 P.3d 386 (alteration in original) (quoting State v. Cardenas, 146 Wash.2d 400, 406, 47 P.3d 127, 57 P.3d 1156 (2002)).
[4] It should be noted that Trooper Larsen likely had probable cause to arrest Tibbles based on the strong odor of marijuana coming from the car. See Grande, 164 Wash.2d at 146, 187 P.3d 248. Because he did not do so, but instead released Tibbles, the State does not assert the "search incident to a lawful arrest" exception to the warrant requirement. Nor does the State seek to justify the warrantless search under a "plain smell" variation of the "plain view" exception. See State v. Ladson, 138 Wash.2d 343, 363-64, 979 P.2d 833 (1999) (Madsen, J., dissenting). The State proffered only the exigent circumstances exception. We emphasize these facts to make clear that we are not presented here with a choice between no search or this search. We decline to apply the exigent circumstances exception to these facts, but this does not mean that another exception would not be available in similar circumstances.
[1] State v. Terrovona, 105 Wash.2d 632, 716 P.2d 295 (1986).
[2] We stated that "concerns for the safety of officers and potential destructibility of evidence" "outweigh privacy interests" in the contexts of searches incident to arrest and potential destructibility of evidence, but "the concerns are not the same when officers approach a parked, immobile, unoccupied, secured vehicle. In such a situation no bright-line rule is necessary. If exigencies in addition to potential mobility exist, they will justify a warrantless search." Patterson, 112 Wash.2d at 735, 774 P.2d 10 (emphasis added).
[3] Prior to the search of the vehicle in the present case, Trooper Larsen had no way of knowing what charge or citation might be justified by the evidence obtained. If greater than 40 grams of marijuana had been found during the search, a felony arrest would have been an appropriate charge. See former RCW 69.50.204(14) (1993); RCW 69.50.401(2)(c); RCW 69.50.4014. No misdemeanor arrest had occurred or was certain when Larsen began his search.
[1] See NAT'L INST. ON DRUG ABUSE, NIDA INFOFACTS: DRUGGED DRIVING (Apr. 2008) (citing academic studies), available at http://www.nida.nih.gov/ PDF/Infofacts/driving08.pdf (last visited Aug. 2, 2010).
[2] See NAT'L INST. ON DRUG ABUSE, MARIJUANA ABUSE (2005) (citing academic studies) (as much as 11 percent of fatal accident victims test positive for THC (tetraphydrocannabinol), the drug in marijuana), available at http://www.drugabuse.gov/ PDF/RRMarijuana.pdf (last visited Aug. 2, 2010).