IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33779-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTIAN ALFREDO SANCHEZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Christian Sanchez appeals the trial court's denial of his motion to suppress evidence seized after a traffic stop. We affirm.

BACKGROUND

The following facts are taken primarily from the trial court's unchallenged CrR 3.6 findings of fact, which are verities on appeal.[1] *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Briefly stated, Mr. Sanchez was a passenger in a vehicle that came under police suspicion. The vehicle had been observed by itself, in a church parking lot,

---

[1] The binding effect of these unchallenged findings precludes this court's review of Mr. Sanchez's argument to the extent it cites apparently contrary facts in the record; in other words, this court does not independently examine the record to determine whether the record supports these unchallenged findings as it would do if Mr. Sanchez had assigned error to them. *See State v. Hill*, 123 Wn.2d 641, 644-45, 870 P.2d 313 (1994).

on an afternoon when church was not in session.[2] After brief surveillance, the vehicle was seen making a quick turn into another parking lot without the use of a turn signal. Other vehicles and pedestrians were in the area, which caused concern for public safety. A stop ensued.

At the outset of the stop, the driver rolled down his window. An overwhelming smell of marijuana came from the vehicle. Four people were inside. All appeared to be between the ages of 16 and 24. The legal age for marijuana consumption is 21. The vehicle occupants were asked if they were 21 years of age or older. All said no. The occupants were then asked for identification. While confirming the occupants' identifications, the responding officer noticed Mr. Sanchez duck down inside the vehicle as if he were hiding or retrieving something at his feet. At this point, officer safety became a concern and backup was called.

On arrival of backup, Mr. Sanchez was asked to leave the vehicle. While doing so, he stated he had marijuana on him. Mr. Sanchez was handcuffed. A search incident to arrest uncovered a methamphetamine pipe, marijuana in a pill bottle, and several baggies with a white crystalline substance later determined to be methamphetamine. The

---

[2] While the date in question was a Sunday, Seventh-day Adventists worship on Saturdays.

2

contraband was all located on Mr. Sanchez's person.

After being charged with unlawful possession of a controlled substance (methamphetamine), Mr. Sanchez unsuccessfully filed a motion to suppress. He was convicted after a bench trial and now appeals.

## ANALYSIS

Mr. Sanchez's primary argument is that the vehicle stop was pretextual. The trial court's findings do not warrant this conclusion. The trial court expressly found the responding officer did not follow Mr. Sanchez's vehicle waiting for something to happen. Instead, after evaluating the totality of the circumstances, the trial court found the driver committed a traffic infraction and the officer decided to pull over the vehicle as he would any other vehicle. While the officer may have suspected other criminal activity and did not ultimately issue a citation, these circumstances do not undermine the trial court's findings. *State v. Weber*, 159 Wn. App. 779, 789, 247 P.3d 782 (2011). To the extent the traffic stop could be considered a mixed-motive stop, the court's findings also show the alleged legitimate reason for the stop—the failure to use a turn signal—was an actual, conscious, and independent cause of the stop. *See State v. Arreola*, 176 Wn.2d 284, 299-00, 290 P.3d 983 (2012).

Apart from his challenges to the stop, Mr. Sanchez contends he was

3

unconstitutionally seized when the officer demanded his identification after only smelling marijuana in his general vicinity. We disagree. At the time the officer asked for identification he did not yet have probable cause to make any arrests. *State v. Grande*, 164 Wn.2d 135, 138, 187 P.3d 248 (2008). But he did have articulable suspicion warranting further investigation, particularly given that all four vehicle occupants appeared to be under age. *Id* at 146; *State v. Rankin*, 151 Wn.2d 689, 695, 92 P.3d 202 (2004). The de minimis intrusion of asking for identifications was warranted.[3]

Once Mr. Sanchez engaged in furtive movements, he reasonably aroused officer safety concerns and could lawfully be ordered out of the car. *State v. Mendez*, 137 Wn.2d 208, 220-21 n.5, 970 P.2d 722 (1999), *overruled on other grounds by Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007). When Mr. Sanchez then admitted to possessing marijuana, he supplied probable cause for his arrest and search. Given these circumstances, the trial court correctly denied Mr. Sanchez's motion to suppress.[4]

---

[3] The odor of marijuana alone provided probable cause to search the vehicle. *Grande*, 164 Wn.2d at 146. The fact that the officer opted to verify that no one in the car was, in fact, 21 or older prior to conducting an invasive search was reasonable.

[4] Contrary to Mr. Sanchez's assertions, there are no facts suggesting a delayed search or that law enforcement exceeded the scope of a search incident to arrest by seizing items found in Mr. Sanchez's pockets.

4

CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Fearing, C.J.                                           Korsmo, J.