273 P.3d 459 (2012)
STATE of Washington, Respondent,
v.
Blake Charles TAMBLYN, Appellant.
No. 30495-7-III.
Court of Appeals of Washington, Division 3.
March 20, 2012.
*460 Valerie Marushige, Attorney at Law, Kent, WA, for Appellant.
James Smith, Cowlitz County Prosecuting Attorney, Kelso, WA, for Respondent.
BROWN, J.
¶ 1 Blake C. Tamblyn appeals his controlled substance conviction. He contends the trial court erred in applying State constitutional privacy principles when denying his CrR 3.6 motion to suppress evidence gathered from his vehicle after he had been handcuffed and placed in a patrol car following his driving under the influence (DUI) arrest. Based upon case law changes since his August 2008 arrest, we agree with Mr. Tamblyn, and reverse.

FACTS
¶ 2 On August 4, 2008, Washington State Trooper William Knudson was dispatched to locate a car driven erratically. The trooper located a matching car, followed it, and saw driving behavior justifying a stop. The trooper was concerned the car's driver could be impaired by drugs or alcohol. When the trooper approached the car, he saw that the driver, Mr. Tamblyn, had pinpoint pupils and needle track marks on both forearms. Based on his training and experience, Trooper Knudson recognized these signs indicated a person was using or under the influence of narcotics. Trooper Knudson did not see any sign specifically indicating Mr. Tamblyn had been drinking alcohol. Mr. Tamblyn agreed to perform field sobriety tests. Mr. Tamblyn performed poorly on three of the four tests. The one test Mr. Tamblyn performed satisfactorily was the horizontal gaze nystagmus test, designed to detect alcohol intoxication. Based on his investigation, Trooper Knudson arrested Mr. Tamblyn for DUI. The trooper specifically believed Mr. Tamblyn was under the influence of a drug other than alcohol.
¶ 3 After arresting Mr. Tamblyn, Trooper Knudson handcuffed and secured him in the back of a patrol car. The trooper derived probable cause to arrest Mr. Tamblyn for DUI without finding anything in the car and acknowledged he had no safety concerns during the incident. Even so, Trooper Knudson returned to Mr. Tamblyn's car and searched it, following his then current training and understanding that he could lawfully search the interior of an automobile incident to the arrest of the driver. The trooper had conducted numerous similar DUI vehicle searches, and would regularly find narcotics, drug paraphernalia, or other drug-related contraband inside vehicles. When searching Mr. Tamblyn's car, Trooper Knudson found a bag containing what Mr. Tamblyn admitted was heroin.
¶ 4 On August 7, 2008, the State charged Mr. Tamblyn with one count of unlawful possession of a controlled substance, heroin, and driving under the influence of a drug, heroin. On March 17, 2010, Mr. Tamblyn moved pretrial under CrR 3.6 to suppress the heroin, arguing the search was improper under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), and progeny, decided after Mr. Tamblyn's arrest and pending trial.
*461 ¶ 5 On August 5, 2010, the trial court held a CrR 3.6 evidence suppression hearing and considered the above evidence to consider Mr. Tamblyn's argument that the warrantless car search was unlawful even if incident to a lawful arrest. The State argued the search was lawful because Trooper Knudson arrested Mr. Tamblyn for a drug DUI and had reason to believe the car contained evidence of the crime of arrest. The trial court noted Trooper Knudson testified, "he searched, "So, maybe this case I will get reversed on, I dont' know, but I'll find that there was reasonable grounds to believe that evidence of the crime, Driving Under the Influence of Drugs, would reasonably be ... found in the vehicle." Id. The trial court did not enter written findings of fact or conclusions of law.
¶ 6 On September 16, 2010, after a stipulated facts bench trial, the trial court found Mr. Tamblyn guilty of the controlled substance charge; the State dismissed the DUI charge; and, the court sentenced Mr. Tamblyn to 20 days in jail. He appealed.

ANALYSIS
¶ 7 The issue is whether, under these facts, the trial court erred by denying Mr. Tamblyn's CrR 3.6 evidence suppression motion under the privacy provisions of article I, section 7 of the Washington State Constitution.
¶ 8 We review a trial court's denial of a suppression motion to determine whether substantial evidence supports the challenged findings of fact and whether these findings support the trial court's conclusions of law. State v. O'Neill, 148 Wash.2d 564, 571, 62 P.3d 489 (2003). When the appellant does not challenge any of the trial court's findings of fact, they are verities on appeal. Id. We review de novo the trial court's suppression hearing legal conclusions. State v. Carneh, 153 Wash.2d 274, 281, 103 P.3d 743 (2004).
¶ 9 Article I, section 7 of the Washington State Constitution provides, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." This "right to be free from unreasonable governmental intrusion into one's `private affairs' encompasses automobiles and their contents." State v. Parker, 139 Wash.2d 486, 494, 987 P.2d 73 (1999). "[A]nalysis under article I, section 7 begins with the presumption that a warrantless search is per se unreasonable, unless it falls within one of the carefully drawn exceptions to the warrant requirement." State v. Patton, 167 Wash.2d 379, 386, 219 P.3d 651 (2009). Even where probable cause to search exists, a warrant must be obtained unless excused under one of a narrow set of exceptions to the warrant requirement. State v. Tibbles, 169 Wash.2d 364, 368-69, 236 P.3d 885 (2010). "These exceptions are limited by the reasons that brought them into existence; they are not devices to undermine the warrant requirement." Patton, 167 Wash.2d at 386, 219 P.3d 651 (citing State v. Ladson, 138 Wash.2d 343, 356, 979 P.2d 833 (1999)).
¶ 10 The relevant warrant exception is for automobile searches incident to arrest. Id. at 386, 219 P.3d 651. Historically, officer safety and the risk of destruction of evidence of the crime of arrest underpinned this warrant exception. Id. (citing State v. Ringer, 100 Wash.2d 686, 693-700, 674 P.2d 1240 (1983)). The Patton court held the search of a vehicle incident to arrest "is unlawful absent a reasonable basis to believe that the arrestee poses a safety risk or that the vehicle contains evidence of the crime of arrest that could be concealed or destroyed, and that these concerns exist at the time of the search." Id. at 394-95, 219 P.3d 651. Our Supreme Court clarified "the exception applies only when officers are unable to delay their search to obtain a warrant because the arrestee poses a threat to officer safety or the preservation of evidence." State v. Swetz, 160 Wash.App. 122, 130-31, 247 P.3d 802 (2011) (citing State v. Valdez, 167 Wash.2d 761, 777, 224 P.3d 751 (2009)).
¶ 11 Relying on State v. Louthan, 158 Wash.App. 732, 242 P.3d 954 (2010), the State argues the Valdez clarification was dicta. We disagree. Gant, changed our legal landscape after Mr. Tamblyn's arrest and *462 while his case was pending. Patton and Valdez accurately state current authority for permissible warrantless automobile searches incident to arrest.
¶ 12 Our Supreme Court has yet to rule on a so-called "crime of arrest" exception; pending still is Division Two's decision in State v. Snapp, 153 Wash.App. 485, 219 P.3d 971 (2009). Even so, Snapp is unlike our case because Mr. Snapp did not challenge the search under article I, section 7. Although Gant allows officers to search the vehicle when it is reasonable to believe there may be evidence of the crime of arrest, our Supreme Court "chose not to extend its own holding to include this justification." Swetz, 160 Wash. App. at 131-32, 247 P.3d 802.
¶ 13 Here, the State fails to meet its burden to show Trooper Knudson was in danger or a risk existed evidence could be concealed or destroyed while awaiting a warrant. Mr. Tamblyn was handcuffed and locked in the patrol car when Trooper Knudson searched his vehicle. Mr. Tamblyn could not conceal or destroy evidence while a warrant was obtained. Trooper Knudson acknowledged he did not fear for his safety. While Trooper Knudson did his best to follow then current law, the good faith exception to the exclusionary rule is inapplicable under article I, section 7. State v. Afana, 169 Wash.2d 169, 184, 233 P.3d 879 (2010). Our Supreme Court has reasoned:
"if a police officer has disturbed a person's `private affairs,' we do not ask whether the officer's belief that this disturbance was justified was objectively reasonable, but simply whether the officer had the requisite `authority of law.' If not, any evidence seized unlawfully will be suppressed. With very few exceptions, whenever the right of privacy is violated, the remedy follows automatically."
Afana, 169 Wash.2d at 180, 233 P.3d 879.
¶ 14 In sum, Mr. Tamblyn's privacy right under article I, section 7 of the Washington State Constitution was violated when the officer searched his car without a warrant. We hold the trial court erred in denying Mr. Tamblyn's CrR 3.6 suppression motion.
¶ 15 Reversed.
WE CONCUR: KULIK, C.J. and SIDDOWAY, J.