93 P.3d 209 (2004)
122 Wash.App. 319
STATE of Washington, Respondent,
v.
Nancy Ann COLE, Appellant.
No. 30256-0-II.
Court of Appeals of Washington, Division 2.
July 7, 2004.
*210 Stephanie C. Cunningham, Seattle, for Appellant.
Kathleen Proctor, Pierce County Prosecuting Atty Ofc, John Michael Sheeran, Pierce Cty Prosecutor S, Peter J. Mullenix, Rule-9 Intern, Tacoma, for Respondent.
HUNT, J.
Nancy Cole appeals two convictions for unlawful possession of a controlled substance, arguing that the trial court should have granted her motion to suppress. Holding that she waived her constitutional rights when she consented to the search as a participant in her roommate's electronic home-monitoring detention agreement, we affirm.

FACTS
Cole lived with her roommate, Brenda Alsup, in one apartment of a multi-apartment house. As a participant in the Pierce County Corrections Electronic Home Detention Program (EHD), Alsup received one day of jail-time credit for every day she spent under EHD house arrest. She wore an electronic device around her ankle so that the EHD could monitor whether she left her home, a prohibited activity.

I. ELECTRONIC HOME DETENTION  ADVANCE CONSENT TO SEARCH
As required under the EHD program, Cole[1] signed a consent-to-search form, which read, in part:
I, Nancy Ann Cole, in consideration for the privilege of entry into the ... Electronic Home Detention Program ... do consent to allow the Pierce County Sheriff's Department, or any other law enforcement agency, to search my entire premises (including all outbuildings) at any time without a warrant.

....
This search will be for the purpose of ensuring my compliance with the agreement I have executed with the Pierce County Sheriff's Department, Corrections Bureau, and BI Incorporated. This search may be made without probable cause. I understand that I have a constitutional right to not have my premises searched by law enforcement without probable cause, but I waive that right only for the periods I am actually participating in EHD.
Additionally, I hereby consent to the seizure of any contraband, evidence of a crime, or evidence of a violation of Electronic *211 Home Detention Rules and Conditions that may be found during a search.
Clerk's Papers (CP) at 64 (emphasis added).
Cole's consent-to-search agreement was in effect at the time of the search at issue here. Both Alsup and Cole were required to comply with EHD rules. Any law violations by either Alsup or Cole, including possession or use of illegal drugs or paraphernalia in their apartment, are violations of EHD rules.[2] Any violation of these rules by Cole  even absent any violation by Alsup  would result in Alsup's being removed from the EHD and returned to jail.

II. CONSENSUAL, WARRANTLESS SEIZURE
County Sheriff Deputies Jeff Papen and Byron Brockway had been investigating drug activity in the apartment house where Cole and Alsup were living. Two drug arrestees identified Cole and Alsup's apartment as a place they could get cocaine. A confidential informant arranged and consummated a controlled buy of crack cocaine from Cole in another apartment in the same house.
When Papen also learned that Alsup had recently tested positive for heroin use, in violation of her EHD agreement, he contacted Paul Jones, the corrections officer in charge of home monitoring. Jones explained that the monitoring equipment showed Alsup was at home, but when Papen telephoned Alsup, no one answered. So Papen and another deputy went to Alsup's apartment to check on her.[3]
Cole answered the door. Papen asked her about Alsup, whom Cole said was inside sleeping. Papen reminded Cole that she had previously signed the consent form, permitting him to search the residence, and Cole invited the officers inside. Cole told them there was drug paraphernalia in a safe in the bedroom she shared with Alsup. Inside an open safe in the bedroom Papen found and seized cash, cocaine, marijuana, and a spoon containing heroin.
Papen read Cole her rights. Cole agreed to talk with the officers. She said she (1) sold crack cocaine from her apartment; (2) used to sell cocaine; (3) had never sold heroin; and (4) had used heroin and cocaine within the last 12 hours. She also told the officers the controlled substances they found belonged to her. The officers arrested Cole.

III. PROCEDURE
The State charged Cole with two counts of possession of a controlled substance  cocaine and heroin. Cole moved to suppress the drugs and paraphernalia, arguing that (1) the officers lacked a search warrant; and (2) the search was pretextual in that the officers' real purpose was to obtain evidence that she had sold crack to a confidential police informant, not to monitor Alsup's EHD compliance.
The trial court denied the motion. Following a bench trial on stipulated facts, the court found Cole guilty as charged. Cole appeals.

ANALYSIS
We review a trial court's denial of a CrR 3.6 suppression motion to determine whether substantial evidence supports the trial court's challenged findings of fact and, if so, whether the findings support the trial court's conclusions of law. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999). We review conclusions of law, including mischaracterized "findings," de novo. See, e.g., Willener v. Sweeting, 107 Wash.2d 388, 394, 730 P.2d 45 (1986); Mendez, 137 Wash.2d at 214, 970 P.2d 722. Cole argues the officers exceeded the scope of her consent to search in violation of article 1, section 7 of the Washington constitution. We disagree.
Consent is a recognized exception to the general rule that warrantless searches *212 are per se unreasonable and, therefore, unconstitutional. State v. Hendrickson, 129 Wash.2d 61, 70-71, 917 P.2d 563 (1996). Twenty-five days before the search, Cole had expressly waived her constitutional rights and consented in writing to law enforcement's warrantless search of her entire premises at any time to ensure compliance with the EHD agreement.
The officers had information that both Alsup and Cole were not complying with the EHD agreement: (1) Alsup, who was not supposed to leave or to use drugs in her home, had tested positive for heroin; and (2) Cole had sold drugs from both their apartment and another apartment in the house. Under the terms of the EHD agreement, Cole, Alsup, and their apartment were to remain drug-free and law abiding. Even if Alsup had not tested positive for heroin use, the officers could have searched the apartment based solely on Cole's violations of the EHD agreement.
We hold that Cole waived her constitutional right to be free of warrantless searches when she signed the broad consent to search her home as part of the EHD agreement. The trial court properly denied Cole's motion to suppress.[4]
Affirmed.
We concur: HOUGHTON, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] Cole signed on a line designated for the "Owner/Lessor." Paul Jones, a Pierce County corrections officer, testified that Cole signed the form because "she was the legal owner and/or renter of the house that [Alsup] would reside in." Report of Proceedings (RP) at 33.
[2] As Corrections Officer Paul Jones described, everyone living in a residence with someone monitored on EHD has "to live with the same rules" as the monitored individual, including: no possession of illegal drugs or drug paraphernalia, no visitors, no weapons, and no alcohol in the residence. Thus, in signing the EHD, Cole sacrificed substantial personal freedoms, including the right to engage in what otherwise would be innocuous legal activities.
[3] When there is also a criminal investigation in process, for safety reasons, law enforcement, rather than EHD personnel, sometimes checks on the person being monitored.
[4] Accordingly, we do not address Cole's pretext and privacy expectation arguments.