277 P.3d 708 (2012)
STATE of Washington, Respondent,
v.
Justin A. LIBERO, Appellant.
No. 41420-1-II.
Court of Appeals of Washington, Division 2.
June 5, 2012.
*710 John A. Hays, Attorney at Law, Longview, WA, for Appellant.
Debra Eurich, Lewis Co. Prosecutor's Office, Chehalis, WA, for Respondent.

PART PUBLISHED OPINION
WORSWICK, C.J.
¶ 1 A jury convicted Justin Libero of possession of over 40 grams of marijuana and illegal use of drug paraphernalia. Libero appeals, arguing the trial court erred by denying his motion to suppress drug and drug paraphernalia evidence.[1] We affirm.

FACTS
¶ 2 On May 14, 2010, Libero was a guest at Jessica Guerrero and Thomas Soeby's apartment. Chehalis police had received a complaint about an odor of marijuana coming from the apartment, and Officers Warren Ayers and Chris Taylor responded, arriving just after midnight. Both officers smelled an odor of marijuana from the hall outside the apartment. The officers knocked on the door and Guerrero answered. Soeby and Libero were also in the apartment. Guerrero told the officers that Soeby was her boyfriend and that he lived at the apartment.
¶ 3 Officer Taylor could see a marijuana plant just inside the apartment and he instructed Libero and Soeby to come into the hall. Officer Taylor noticed green vegetable matter on the front of Libero's shirt. Libero told Officer Taylor that the plant was his and that he had found it alongside some railroad tracks.
¶ 4 Officer Ayers asked Guerrero who the apartment belonged to and she said it was hers. Soeby admitted to Officer Taylor that he had a small amount of marijuana. Officer Ayers entered the apartment with Soeby to retrieve the marijuana. But upon entering the apartment Officer Ayers saw a large amount of vegetable matter that he recognized as marijuana and he brought Soeby back out of the apartment.
¶ 5 Officer Ayers then asked Guerrero to sign a form consenting to search the apartment, which Guerrero did. The officers did not obtain Soeby's consent to search the apartment. The police then entered the apartment and found marijuana leaves "all over the floor" of the living room as well as on a coffee table, along with a large number of marijuana pipes. Report of Proceedings (RP) (Sept. 15, 2010) at 12.
¶ 6 The State charged Libero with possession of over 40 grams of marijuana[2] and with unlawful use of drug paraphernalia.[3] Libero moved to suppress the evidence found in the apartment under CrR 3.6, arguing that the search was unlawful without Soeby's consent. The trial court denied this motion, concluding that although Libero had automatic standing to challenge the search, the search was lawful as to Libero based on Guerrero's consent.
¶ 7 Officers Ayers and Taylor testified to the above facts at the suppression hearing and again at Libero's jury trial. At trial, Soeby testified that the marijuana plant was his, that it was his idea to take it, and that he planned to keep it for himself. But he also testified that Libero helped him cut up the marijuana and that they both exercised control over parts of the plant. Libero also testified that the plant belonged to Soeby.
*711 ¶ 8 Before closing arguments, Libero requested a lesser included offense instruction for possession of less than 40 grams of marijuana, which the trial court denied. The jury found Libero guilty as charged. Libero appeals.

ANALYSIS

I. SUPPRESSION OF EVIDENCE
¶ 9 Libero argues that the trial court erred by denying his motion to suppress the evidence found after the search of the apartment. He argues that he had automatic standing to challenge the search and, because the search violated Soeby's rights, it was invalid as to Libero. We disagree.
¶ 10 We review this issue de novo for whether the trial court's findings of fact supports its conclusions of law. State v. Cole, 122 Wash.App. 319, 322-23, 93 P.3d 209 (2004). Although we agree that Libero had automatic standing, we hold that the trial court did not err in admitting the evidence of drugs and drug paraphernalia.

A. Automatic Standing

¶ 11 We first address Libero's argument that he had automatic standing to challenge the search of Guerrero and Soeby's apartment. We agree.
¶ 12 Ordinarily, standing to challenge a search or seizure under the Fourth Amendment and article I, section 7 of the State Constitution requires a defendant to have a legitimate expectation of privacy in the place searched or the thing seized.[4]State v. Boot, 81 Wash.App. 546, 550, 915 P.2d 592 (1996). But a defendant who has no legitimate expectation of privacy may still be able to assert automatic standing. State v. Evans, 159 Wash.2d 402, 406-07, 150 P.3d 105 (2007). Although the United States Supreme Court has abolished automatic standing under the federal constitution, it remains valid under Washington article I, section 7. See Evans, 159 Wash.2d at 407, 150 P.3d 105 (quoting State v. Simpson, 95 Wash.2d 170, 175, 622 P.2d 1199 (1980) (plurality opinion)).
¶ 13 Automatic standing applies when (1) possession is an essential element of the offense charged and (2) the defendant was in possession of the contraband at the time of the search or seizure. Evans, 159 Wash.2d at 407, 150 P.3d 105 (quoting Simpson, 95 Wash.2d at 181, 622 P.2d 1199). "A defendant who has acquired automatic standing in effect stands in the shoes of an individual properly in possession of the property that was searched or seized." Simpson, 95 Wash.2d at 182, 622 P.2d 1199.
¶ 14 Libero was charged with possessing more than 40 grams of marijuana, an offense in which possession is an essential element. RCW 69.50.4013. And it is undisputed that he possessed at least some of the marijuana. Because both elements are met, Libero had automatic standing to challenge the search.

B. Validity of Search

¶ 15 Libero next argues that because Soeby lived at the apartment and the police did not obtain Soeby's consent before searching, the evidence against Libero should have been suppressed. But Libero conflates the applicability of automatic standing with the validity of a tenant's consent to search. Although he has automatic standing to challenge the search, such standing does not confer upon Libero the same rights and authority as a tenant of the apartment.
¶ 16 Article I, section 7 of the Washington Constitution protects against unlawful intrusions into private affairs. State v. Harrington, 167 Wash.2d 656, 663, 222 P.3d 92 (2009). Warrantless searches and seizures are presumed unlawful unless an exception to the warrant requirement applies. State v. Grande, 164 Wash.2d 135, 141, 187 P.3d 248 (2008). Consent is a recognized exception to the warrant requirement. State v. Reichenbach, 153 Wash.2d 126, 131, 101 P.3d 80 (2004).
¶ 17 The State bears the burden of proof to show that a warrantless search *712 was based on valid consent, including the burden to show that the consenting person had the requisite authority to consent to a search. See State v. Morse, 156 Wash.2d 1, 7, 14, 123 P.3d 832 (2005). One person's consent to search premises is invalid against anyone present with authority to control the premises equal to or greater than the consenting person. State v. Leach, 113 Wash.2d 735, 744, 782 P.2d 1035 (1989). But "consent to search by a host is always effective against a guest within the common areas of the premises." State v. Vy Thang, 145 Wash.2d 630, 638-39, 41 P.3d 1159 (2002).
¶ 18 Libero relies principally on Morse, 156 Wash.2d 1, 123 P.3d 832, to argue that Guerrero's consent to search her apartment was insufficient to render the warrantless search valid. There, although Morse was present, the police obtained consent from a houseguest to search Morse's residence. 156 Wash.2d at 6, 123 P.3d 832. The police never obtained Morse's consent for the search. 156 Wash.2d at 6, 123 P.3d 832.
¶ 19 Our Supreme Court held, "We have never held that a cohabitant with common authority can give consent that is binding upon another cohabitant with equal or greater control over the premises when the nonconsenting cohabitant is actually present on the premises.... We decline to do so now." 156 Wash.2d at 13, 123 P.3d 832. Because the State could not prove that the guest's authority to control the premises was greater than Morse's, the guest's consent was ineffective against Morse, and the fruits of the warrantless search could not be admitted against Morse. 156 Wash.2d at 14, 123 P.3d 832. But Morse does not help Libero.
¶ 20 Guerrero's consent to search the apartment was not binding on Soeby because he had equal rights to control the premises and was present. Leach, 113 Wash.2d at 744, 782 P.2d 1035. But Guerrero's consent was binding on Libero because he was a guest. Vy Thang, 145 Wash.2d at 638-39, 41 P.3d 1159.
¶ 21 Without citation to authority, Libero's argument assumes that automatic standing not only allows him to challenge the search of the apartment, but confers upon him the same rights as Soeby. We reject this argument.
¶ 22 The purpose of automatic standing is to allow a defendant charged with a possessory offense to challenge the legality of a search or seizure without being subject to self-incrimination. State v. Jones, 146 Wash.2d 328, 334-35, 45 P.3d 1062 (2002). But a defendant asserting automatic standing must still assert his own rights, not those of a third party. State v. Shuffelen, 150 Wash. App. 244, 255, 208 P.3d 1167 (2009) (quoting State v. Williams, 142 Wash.2d 17, 23, 11 P.3d 714 (2000)). Automatic standing does not permit a defendant to collaterally attack a search on the basis that it violated another's rights, as Libero seeks to do here. Shuffelen, 150 Wash.App. at 255, 208 P.3d 1167. The search, based on Guerrero's consent, was valid against Libero. Accordingly, we reject Libero's arguments.
¶ 23 In sum, automatic standing does not allow Libero to assert Soeby's rights. It allows him only to challenge the legality of the search without establishing the legitimate expectation of privacy normally required for standing to challenge a search or seizure. The search's invalidity against Soeby did not render it invalid as to Libero. Accordingly, Libero's claim that the search was invalid fails.
¶ 24 Affirmed.
¶ 25 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.
We concur: ARMSTRONG and VAN DEREN, JJ.
NOTES
[1] In the unpublished portion of this opinion, we address Libero's argument that substantial evidence does not support the trial court's findings of fact after a suppression hearing and his claim that the trial court erred by refusing to give a lesser included offense instruction. We find substantial evidence supports the findings of fact and we hold that the trial court committed no error in refusing to give the requested instruction.
[2] RCW 69.50.4013.
[3] RCW 69.50.412(1).
[4] A casual visitor who is not an overnight guest has no legitimate expectation of privacy in the premises where he is located. Boot, 81 Wash. App. at 551, 915 P.2d 592. Because Libero was a visitor, he lacked a legitimate expectation of privacy in Guerrero and Soeby's apartment.